UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STONE CLINICAL LABORATORIES, LLC** | * | |
|     **Plaintiff,** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | **SECTION** |
|     **vs.** | * | |
| | * | **MAGISTRATE JUDGE** |
| **AGENA BIOSCIENCE, INC.** | * | |
|     **Defendant.** | * | |
| ****************************************** | * | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Stone Clinical Laboratories, LLC ("Stone"), who files this Complaint and in support thereof states as follows:

## PARTIES

1. Plaintiff, Stone Clinical Laboratories, LLC, is a Louisiana limited liability company organized and existing under the laws of the State of Louisiana with its principle place of business in Louisiana and is located in the Eastern District of Louisiana. None of Stone's members are citizens of California or Delaware.

2. Defendant, Agena Bioscience, Inc. ("Agena"), is a Delaware corporation with its principal place of business in California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and damages alleged herein occurred in this district.

**FACTS**

5. Stone is a clinical reference laboratory focused on preventative diagnostic testing and molecular diagnostics used in early detection. Stone develops products used in diagnostic testing and runs diagnostic testing for patients. Stone also offers preventative diagnostics, unique testing algorithms, and a combination of screenings.

6. Stone uses various instruments to conduct laboratory testing. Before an instrument conducts laboratory testing, Stone must validate the instrument to ensure that the instrument produces valid results.

7. Stone purchased the Agena Mass Array instrument to conduct laboratory testing and used reagents supplied exclusively by Agena to validate and use the instrument for patient testing.

8. Agena is the only company from whom Stone could purchase reagents to be able to use the Agena Mass Array instrument for patient testing.

9. Stone's Financial Operations Coordinator purchased reagents and other laboratory testing supplies from Agena by sending purchase orders to Agena by email that had been approved by Stone.

10. Between October and December 2018, Ms. Tiffany Burton Montgomery, a former employee of Stone who had never emailed purchase orders to Agena, submitted three purchase orders to Agena without the knowledge and approval from Stone, totaling over one $130,000. The first purchase order was not even signed as authorized at all. These purchase orders were for purchases significantly higher than Stone's prior approved purchase orders emailed by its Financial Operations Coordinator.

11. Included in these unauthorized purchase orders by Tiffany Burton Montgomery was an upgrade to the Agena Mass Array instrument.

12. Agena installed the upgrade to the Agena Mass Array instrument at Ms. Montgomery's request and without the knowledge or authorization of Stone.

13. Once Agena upgraded the Agena Mass Array instrument, the Agena Mass Array instrument required a new validation and verification before Stone could again use it for patient testing.

14. Stone learned about Ms. Montgomery's unapproved purchases after it began receiving invoices from Agena for purchases that had not gone through the normal approval and email order process with Agena.

15. After receiving the invoices for the unapproved purchase orders, Stone contacted Agena and explained that the purchase orders by Ms. Montgomery were not authorized and were not emailed by Stone's Financial Operations Coordinator as was previously done in the normal course of business. Agena even acknowledged that it had noted that the significantly higher purchase orders were unusual. Stone requested to return the products ordered by Ms. Montgomery without authorization to Agena, but Agena refused to accept the returns and demanded full payment from Stone.

16. Ms. Montgomery was subsequently terminated from Stone. Suit was filed against Ms. Montgomery by Stone for taking confidential and proprietary company information from Stone, deleting important company data from Stone's system, and for her unauthorized orders to Agena. Ms. Montgomery has left Louisiana, and her whereabouts are unknown.

17. As a result of the unauthorized upgrade performed by Agena to the Agena Mass Array instrument, Stone has been unable to revalidate and re-verify that instrument to be able to resume patient testing.

18. Agena has also refused to supply Stone with new reagents for the Agena Mass Array instrument until Stone pays the unauthorized purchase orders submitted by Ms. Montgomery. As a result, Stone will also be unable to use the Agena Mass Array instrument to conduct future patient testing.

19. Stone has lost revenues and increased costs in having to use outside vendors to perform the testing previously performed by the Agena Mass Array instrument prior to the unauthorized upgrade performed by Agena.

## LIABILITY FOR ACTS CAUSING DAMAGES

20. Paragraphs 1 through 19 are incorporated herein by reference as if fully set forth herein in their entirety.

21. Article 2315 of the Louisiana civil Code provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

22. Agena knew or should have known that the purchase orders submitted by Ms. Montgomery were not authorized by Stone.

23. Agena caused damage to Stone by upgrading the Agena Mass Array instrument without authority from Stone. Stone has been unable to obtain new validation and verification on the unauthorized upgrade of the Agena Mass Array instrument to be able to use it for patient testing.

24. Agena has also caused damage to Stone by refusing to supply new reagents for the Agena Mass Array machine for Stone to be able to conduct patient testing, unless Stone pays for the unauthorized and unusual orders placed by Ms. Montgomery.

25. As a result of the above, Stone has had to pay outside vendors to perform the testing previously provided by the Agena Mass Array instrument which has resulted in loss of revenue and incurred costs to Stone.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Stone Clinical Laboratories, LLC, prays for the following relief:

1. That Agena be duly served and cited with a copy of this Complaint;

2. That there be judgment in favor of Stone that Agena has caused harm and damages to Stone;

3. An award of actual, compensatory and consequential damages from Agena at an amount to be proven at trial; and

4. Such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Diana Cole Surprenant*
Philip A. Franco, T.A. (#5819)
Diana Cole Surprenant (#33399)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
philip.franco@arlaw.com
diana.surprenant@arlaw.com
***Attorneys for Plaintiff,***
***Stone Clinical Laboratories, LLC***