UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STONE CLINICAL LABORATORIES, LLC | CIVIL ACTION |
| VERSUS | NO: 19-12947 |
| AGENA BIOSCIENCE, INC. | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Agena Bioscience, Inc's ("Agena's") **Motion to Dismiss, Transfer, or Stay** in Deference to First-Filed Action (Rec. Doc. 9) is **GRANTED**, and this matter is hereby **TRANSFERRED** to the United States District Court for the Southern District of California;

**IT IS FURTHER ORDERED** that Agena's **Motion to Dismiss Claim for Lack of Personal Jurisdiction** and **Motion to Dismiss Pursuant to FRCP 12(b)(6)** are **DENIED as moot.**

## BACKGROUND

Plaintiff, Stone Clinical Laboratories ("Stone"), is a clinical reference laboratory located in Louisiana that performs diagnostic testing. Before Stone uses an instrument to conduct laboratory testing, it must validate the instrument to ensure that the instrument produces valid results. Stone purchased the Agena Mass Array instrument to conduct laboratory testing and used reagents supplied by Agena to validate and use the instrument for patient testing. Agena is the sole source from which Stone was able to purchase the reagents needed to use the Agena

Mass Array instrument. To purchase the reagents and other testing supplies, Stone's Financial Operations Coordinator would email purchase orders that had been approved by Stone to Agena.

Between October and December 2018, Stone employee Tiffany Burton Montgomery submitted three purchase orders to Agena, totaling over $130,000. Stone alleges that these orders were not approved by it, and the purchase amounts were significantly higher than the prior approved purchase orders emailed by its Financial Operations Coordinator. These purchase orders included an upgrade to the Agena Mass Array instrument, which Agena installed in Louisiana at Montgomery's request, allegedly without the knowledge or authorization of Stone. Once upgraded, the Agena Mass Array required a new validation and verification before it could be used.

Stone allegedly learned about Montgomery's unapproved purchases after receiving invoices from Agena for purchases that had not gone through the normal approval and order process. After receiving the invoices for the unapproved purchase orders, Stone contacted Agena and explained that the purchase orders by Montgomery were not authorized and requested to return the products ordered. Agena declined to accept the returns, instead demanding full payment from Stone, and also refused to supply Stone with new reagents for the Agena Mass Array instrument. As a result, Stone has been unable to revalidate and re-verify that instrument to resume patient testing, and has lost revenue because it has had to retain outside vendors to perform the testing previously performed by the Agena Mass Array instrument.

Attempts to resolve the matter between counsel for Stone and Agena's debt collector beginning in September of 2019 were unsuccessful, and eventually, Agena's debt collector

demanded immediate payment from Stone by October 2, 2019 to avoid the filing of a lawsuit. No payment having been made, on October 2, 2019, Agena filed suit in the United States District Court for the Southern District of California for breach of contract, breach of the covenant of good faith and fair dealing, and a common law count for goods sold and delivered at an agreed price. See Doc. 9-3. The next day, Stone filed the instant suit in the United States District Court for the Eastern District of Louisiana, against Agena pursuant to Louisiana Civil Code article 2315, alleging that it suffered damages based on Agena's unauthorized upgrade to the Agena Mass Array instrument.[1] Agena has now moved to transfer, dismiss, or stay the instant suit; Stone opposes the motion.

In its motion to transfer pursuant to the first-to-file rule, Agena argues that this suit involves the same controversy and parties as those in the California suit. In opposition, Stone contends that the first-to-file rule should not be applied because the California suit was an anticipatory lawsuit filed for purposes of improper forum-shopping.

## DISCUSSION

In situations in which two cases have been filed involving "substantial overlap" between them, "the court in which the case was last filed may refuse to hear it." Green Tree Servicing, 689 Fed. App'x at 367 (quoting Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp., 665 F.3d 671, 677 (5th Cir. 2011) (quoting Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir.

---

[1] Stone terminated Montgomery and filed suit against her for, inter alia, her allegedly unauthorized orders to Agena. According to Stone, Montgomery has left Louisiana, and her whereabouts are unknown.

3

1999)). "[T]he court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Save Power Limited v. Syntek Finance Corp., 121 F.3d 947 (5th Cir. 1997)(citations omitted); see also, Green Tree Servicing, L.L.C. v. Clayton, 689 F. App'x 363, 367 (5th Cir. 2017). Thus, if the district court in the later filed case finds that the issues in the two cases might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Cadle, 174 F.3d at 606 (5th Cir. 1999).

This rule is "grounded in principles of comity and sound judicial administration," and that "comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." Id. at 950. The motivation for the rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817–20 (1976)). In applying the first-to-file rule, the court's focus is not on whether suits are identical, but whether "they overlap on the substantive issues." Id. (internal citations omitted).

In the present case, a review of the complaints demonstrates that the suits not only substantially overlap, but arise out of the exact same controversy. Agena has filed suit based on Stone's failure to pay as agreed, and Stone's suit is essentially a defense to Agena's – Stone alleges that it did not pay because the purchase was unauthorized. Because of this substantial overlap, the proper course of action is to transfer this matter to the United States District Court

4

for the Southern District of California so that that court may determine which case should proceed.

Plaintiff argues against applying the first-to-file rule, contending that courts should not apply the first-to-file rule when the first-filed suit is an anticipatory suit, designed to select in improper forum. Plaintiff relies on Murray v. Wilson, 2008 WL 3498226, at *4 (E.D. La. Aug. 8, 2008), which stated that "[c]ourts have found lawsuits filed immediately after the plaintiff received notice of imminent legal action from the defendant to be anticipatory." However, in this case, it was the defendant (Stone) who received notice from the plaintiff (Agena) that a lawsuit would potentially be filed. Starting in September, both parties were aware of that potential, and either could have filed suit. Agena clearly informed plaintiff that it would be filing suit if it did not receive payment by October 2, 2019, it did not receive payment by that deadline, and suit was then filed by Agena.[2] With respect to the contention that the filing in California constituted improper forum shopping, the court notes that not only was the suit not improperly anticipatory, the purchase orders which governed the parties' dealings contain a forum selection clause for the state and federal courts within San Diego County, California. Thus, the court finds that applying the first-to-file rule and transferring this matter is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that defendant Agena's **Motion to Dismiss, Transfer, or Stay** in Deference to First-Filed Action (Rec. Doc. 9) is **GRANTED,** and this matter is hereby **TRANSFERRED** to the United States District Court for the Southern District of California;

---

[2] To the contrary, an improper anticipatory filing would have occurred if Stone had filed suit against Agena on October 1, 2019 to secure its preferred forum based on Agena's representation that it would file suit if payment was not made by October 2, 2019.

**IT IS FURTHER ORDERED** that Agena's **Motion to Dismiss Claim for Lack of Personal Jurisdiction and Motion to Dismiss Pursuant to FRCP 12(b)(6)** are **DENIED as moot.**

New Orleans, Louisiana, this  19th  day of December, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**